IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| MICHAEL McPHERSON, on behalf of himself and on behalf of a class of Persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPECIAL DATA PROCESSING CORPORATION d/b/a NATIONAL MAGAZINE EXCHANGE<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case Number: 2:05CV635-B |

**MEMORANDUM IN SUPPORT OF MOTION TO STAY, TRANSFER OR DISMISS**

COMES NOW defendant Special Data Processing Corporation d/b/a National Magazine Exchange ("SDP"), and submits the following in support of its Motion to Stay, Transfer or Dismiss.

**I.  PRELIMINARY STATEMENT**

Plaintiff Michael McPherson ("Plaintiff McPherson") filed this putative class action on behalf of himself and a class of persons similarly situated ("McPherson Plaintiff Class"), in the United States District Court for the Middle District of Alabama on July 7, 2005.  Plaintiff McPherson alleges that SDP participated in a "systematic practice of violating the Fair Credit Reporting Act ("FCRA") when soliciting customers for its magazine subscription programs."  Class Action Complaint ("Cmpt."), p. 1, INTRODUCTION.  Plaintiff McPherson supports his claims by alleging that SDP obtains "consumer reports from consumer reporting agencies, without any consumer consent or disclosure, when determining the recipients of its deceptive 'Million Dollar Strike It Rich' sweepstakes mailer."  *Id*.  Plaintiff further asserts that SDP's

alleged conduct violates FCRA because SDP's acquisition and use of consumer reports "does not constitute a 'permissible purpose' under the FCRA." Cmpt., pp. 1-2.

In the interests of federal comity and judicial economy, and pursuant to Fed. R. Civ. P. 83,[1] Plaintiff McPherson's individual and proposed class claims should be stayed, transferred or dismissed because a proposed putative class action involving the same defendant, the same or substantially similar proposed class members and the same or substantially similar issues and claims was previously filed over nine months before this case – and is currently pending and further advanced – in the United States District Court, Northern District of California, Oakland Division. *See Jeremy Maurer, on behalf of himself and all others similarly situated v. Special Data Processing Corp. d/b/a National Magazine Exchange*, Case No. 04-CV-04093-MJJ (N.D. Cal.), Exhibit ("Exh.") A to the Affidavit of Brad W. Seiling ("Seiling Aff."), attached hereto. Discovery in the two actions will certainly be duplicative and discovery is already well underway in the *Maurer* case. *See* Seiling Aff., ¶ 7. The federal court in California is already advancing along its schedule to determine whether (1) the case should be certified as a class action, and (2) the appropriate scope and size of the proposed plaintiffs' class in that action. Litigating Plaintiff McPherson's individual and class action claims in Alabama will unnecessarily duplicate judicial proceedings and discovery in the first-filed and further advanced California case. Thus, the interests of federal comity strongly weigh in favor of staying this entire case pending resolution of the preexisting, substantially similar case in the Northern District of California, Oakland Division. Alternatively, this Court should transfer this matter to United States District Court, Northern District of California, Oakland Division, or dismiss it in its entirety.

---

[1] Federal Rule of Civil Procedure 83(b) states that "[a] judge may regulate practice in any manner consistent with federal law . . . ."

## II. FACTS

According to the Complaint, Plaintiff McPherson is an "adult resident citizen residing in Eufaula, Alabama." Plaintiff McPherson alleges that "in or around December 2004, [SDP],[2] without disclosure, consent or authorization, obtained Plaintiff's consumer report . . . for the improper purpose of targeting Plaintiff as a recipient of [SDP's] deceitful solicitation." Cmpt., ¶ 15. Plaintiff McPherson further alleges that after SDP obtained his consumer report, he received "[SDP's] 'Million Dollar Strike It Rich' sweepstakes solicitation" informing Plaintiff McPherson that SDP had been "trying to reach [him] regarding [his] one million dollars." [3] *See id.* Plaintiff McPherson further states that upon receiving the notice, he contacted SDP and "was informed by its representatives for the first time he had won nothing and that he was only eligible to participate in SDP's sweepstakes if he provided certain requested credit card information." *Id.* Plaintiff McPherson asserts that at no time during his alleged contact with SDP was he notified, either verbally or in writing, about the existence of an offer of credit. Cmpt. ¶ 15. Lastly, Plaintiff McPherson alleges that his credit card was then charged by SDP for "goods or services which were not requested or authorized by Plaintiff." *Id*. Based on these allegations, Plaintiff McPherson asserts claims both individually and on behalf of the proposed McPherson Plaintiff Class for violating FCRA, 15 U.S.C. § 1681, *et seq*. and ALA. CODE § 8-19(d)-2, and also asserts state law claims of fraud and misrepresentation, fraudulent suppression and concealment, negligence and wantonness. *See* Cmpt., Counts I –VII. Plaintiff McPherson also seeks

---

[2] Throughout his Complaint, Plaintiff McPherson refers to SDP as National Magazine Exchange or NME. When quoting from the Complaint, this memorandum replaces NME references with SDP to maintain continuity.

[3] Plaintiff McPherson's allegation that he received a solicitation from SDP is not evident from the Complaint, as the notice attached as Exhibit A to the Complaint was apparently sent to someone other than Plaintiff McPherson and addressed to an individual named "Alicia." Accordingly, SDP denies Plaintiff McPherson ever received or relied upon said solicitation, and demands strict proof that Plaintiff McPherson actually received and relied upon said notice.

declaratory and injunctive relief on behalf of himself and the proposed McPherson Plaintiff Class. *See* Cmpt., Counts VIII & IV.

Plaintiff McPherson defines the members of the proposed class as:

> All persons in the United States whose credit report or credit scores have been procured or obtained by Special Data Processing Corporation d/b/a National Magazine Exchange or any of its affiliated subsidiaries or entities in connection with any direct mail or solicitation distributed by Special Data Processing Corporation d/b/a National Magazine Exchange or any of its affiliated subsidiaries or entities, and to whom Special Data Processing Corporation d/b/a National Magazine Exchange has failed to obtain proper authorization and provide proper notification as mandated by the Fair Credit Reporting Act.

Cmpt., ¶ 16. Plaintiff further asserts that the following questions of law and fact are common to all members of the proposed nationwide class:

     a.    Whether [SDP] wrongfully and improperly failed to obtain proper consent and authorization when obtaining consumer reports on the Plaintiff and class members.

     b.    Whether [SDP] has engaged in a systematic pattern and practice of willfully obtaining consumer reports without an appropriate permissible purpose as mandated by the Fair Credit Reporting Act.

     c.    Whether [SDP's] conduct as described herein constitutes a violation of §1681b of the Fair Credit Reporting Act.

     d.    Whether [SDP's] conduct as described herein constitutes a violation of §1681b of the Fair Credit Reporting Act.

     e.    Whether [SDP's] conduct described herein is willful and reckless as described by §1681n of the Fair Credit Reporting Act.

     f.    Whether the Plaintiff and class members are entitled to recover money damages for [SDP's] violations of the Fair Credit Reporting Act as described herein.

     g.    Whether [SDP] has unlawfully suppressed and concealed its improper use of the Plaintiff's and class members' consumer reports when distributing the direct mailers described herein.

   h. Whether [SDP's] conduct toward the Plaintiff and class members described herein constitutes negligence and wantonness.

   i. Whether the Plaintiff and class members are entitled to declaratory relief as requested herein.

   j. Whether the Plaintiff and class members are entitled to injunctive relief requiring [SDP] to comply with the mandates of the Fair Credit Reporting Act.

   k. Whether the Plaintiff and class members are entitled to class wide relief as sought in this complaint.

Cmpt., ¶ 19.

  Nine months before Plaintiff McPherson filed this action, a nearly identical case was filed in the United States District Court for the Northern District of California, Oakland Division. The Complaint was filed on September 28, 2004, by Jeremy Maurer ("Plaintiff Maurer"), on behalf of himself and all other similarly situated against Special Data Processing d/b/a National Magazine Exchange. See Seiling Aff., ¶ 2 and Exh. A. Plaintiff Maurer asserts in his Complaint that "on or about August 14, 2004, [SDP][4] obtained and used plaintiff's information from a consumer report obtained from a Credit Reporting Agency without his consent," and further asserts "[SDP] did not and does not have a lawful purpose for requesting, obtaining and using plaintiff's customer report." Exh. A to Seiling Aff., ¶ 18. The plaintiff also states that he "received materials from [SDP] indicating his qualification for entering a sweepstakes by calling a toll-free number" and that "such materials did not contain any disclosures concerning how [SDP] had obtained plaintiff's personal information nor did it advise him of his right to exclude himself from lists obtained by [SDP], whether or not for a lawful purpose as required by FCRA." *Id.* at ¶ 20. Plaintiff Maurer states that SDP's behavior constitutes an "unlawful scheme of

---

[4] Throughout his Complaint, Plaintiff Maurer refers to SDP as National Magazine Exchange or NME. When quoting from the *Maurer* Complaint, this memorandum replaces NME references with SDP to maintain continuity.

obtaining information about consumers from credit reporting agencies who meet certain targeted financial criteria, and in doing so, [SDP has] violated the federal and state rights of these consumers." *Id.* at ¶ 2. Based on these allegations, Plaintiff Maurer asserts claims against SDP for "the willing, knowing, or negligent violation of the FCRA, 15 U.S.C. §§ 1681 *et seq.*," and violation of the California Business and Professions Code § 17200 *et seq.*, on behalf of himself and a proposed class of plaintiffs. Exh. A to Seiling Aff., pp. 7-9.

Plaintiff Maurer defines the proposed class he seeks to represent as:

> All persons in the United States for whom information from consumer reports was disclosed by a Credit Reporting Agency to SDP, without authorization by the consumer, between September 2002 and the present.

Exh. A to Seiling Aff., ¶ 21(a). Plaintiff Maurer asserts the following questions of law and facts are common to the proposed nationwide class:

> a. Whether Defendant's conduct in obtaining Plaintiff's and Class Members' consumer reports from a Consumer Reporting Agency constitutes non-compliance or violates FCRA;
>
> b. Whether Defendant's acts of non-compliance or violations of FCRA were willful;
>
> c. Whether Defendant's acts of non-compliance or violations of FCRA were knowing, intentional, or reckless and undertaken in disregard of Plaintiff's and Class Members' rights;
>
> d. Whether Defendant's acts of non-compliance or violations of FCRA were negligent;
>
> e. The nature and extent of declaratory and injunctive relief to which Plaintiff and Class Members are entitled;
>
> f. Whether, as a result of Defendant's acts of non-compliance or violations of FCRA, Plaintiff and Class Members are entitled to any damages, including actual damages, statutory damages, nominal damages, and/or punitive damages;
>
> g. Whether Defendant's conduct violated California's Business and Professions Code section 17200 et seq.

Exh. A to Seiling Aff., ¶ 26.

The *Maurer* action is quite advanced at this point in time.  SDP answered Maurer's Complaint on October 29, 2004.  *See* Seiling Aff., ¶ 3.  The parties to the *Maurer* action exchanged initial disclosures and filed a Report of Rule 26(f) Planning Meeting with the Court in that action on or about December 28, 2004.  *Id.* at ¶ 4.  The parties have conducted extensive paper discovery.  *Id.* at ¶ 7.  Moreover, the deposition of a 30(b)(6) witness testifying on behalf of SDP was held on July 12, 2005, in Los Angeles, California, and additional depositions of both Rule 30(b)(6) witnesses and individual witnesses have been scheduled for the week of August 22, 2005, in Tampa, Florida.  *Id*.  Currently, the discovery deadline in the case is set for October 28, 2005, and trial is set for December 12, 2005.  *See* Exhs. B and C to Seiling Aff.

The *Maurer* action and the instant action are both proposed nationwide class actions that name SDP as the only defendant.  Both Plaintiff Maurer and Plaintiff McPherson seek to represent a proposed class of all individuals in the United States for whom information from consumer reports was obtained by SDP in connection with a direct mail sweepstakes solicitation, allegedly unlawfully and without the authorization of or notification to that individual.  Both Plaintiff Maurer and Plaintiff McPherson assert that SDP's alleged actions constitute an unlawful scheme to obtain information in violation of FCRA and state laws in order to solicit customers for it magazine subscription program.  Moreover, both Plaintiff Maurer and Plaintiff McPherson seek, on behalf of themselves and others similarly situated, compensatory damages, punitive damages, declaratory and injunctive relief and attorneys' fees and expenses of litigation.  *See* Cmpt., PRAYER FOR RELIEF and Exh. A. to Seiling Aff., PRAYER FOR RELIEF.  The only real difference in these two actions is that the *Maurer* action was filed nine months prior to the instant action in the Northern District of California, Oakland Division.  Because these actions

involve the same defendant, the same proposed putative class action members, the same FCRA claims, and the same core of operative facts and the *Maurer* action was filed first and has significantly advanced, the instant action is due to be stayed. Alternatively, this action should be transferred to United States District Court, Northern District of California, Oakland Division, or dismissed in its entirety.

**III.   ARGUMENT**

The general rule when duplicative lawsuits are pending in separate federal courts is "that the entire action should be decided by the court in which an action was first filed." *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997). *See, e.g. Boatman's First Nat'l Bank of Kansas v. Kansas Pub. Employees Ret. Sys.*, 57 F.3d 638 (8th Cir. 1995); *E.E.O.C. v. University of Pennsylvania,* 850 F.2d 969 (3rd Cir. 1988); *In re Burley*, 738 F.2d 981 (9th Cir. 1984). The Eleventh Circuit has long adhered to this doctrine, known as the "first-filed" rule, whereby an earlier lawsuit is given preference by a district court presented with a substantially similar dispute. *See. e.g., Merrill, Lynch, Pierce, Fenner & Smith v. Haydu,* 675 F.2d 1169, 1174 (11th Cir. 1982); *Gould v. Nat'l Life Ins. Co.,* 990 F. Supp. 1354 (M.D. Ala. 1998); *Owens v. Blue Tee Corp.*, 177 F.R.D. 673, 679 (M.D. Ala. 1998); *Supreme Internat'l Corp. v. Anheuser-Busch, Inc.*, 972 F. Supp. 604 (S.D. Fla. 1997), *generally,* MOORE'S FEDERAL PRACTICE 3rd, *Change of Venue*, § 1111.132[1][o]. Moreover, "[t]he first-to-file rule is a well-established doctrine that encourages comity among federal courts of equal rank," (*Zide Sport Shop of Ohio, Inc. v. Ed. Tobergte Assocs., Inc.*, No. 00-3183, 2001 WL 897452, at *3 (6th Cir. Jul. 14, 2000)), and is "designed to avoid the waste of duplication of effort by two co-equal district courts, to avoid rulings by one district court that may interfere with or trench upon the authority of another district court, and to avoid inconsistent or piecemeal resolution of legal issues that call for a

uniform result." *Platronics, Inc. v. Clarity, LLC*, No. 1:02-CV-126, 2002 WL 32059746, at *2 (E.D. Tenn. Jul. 17, 2002).

When two actions substantially overlap, the usual practice is for the federal district court presiding over the later-filed action to defer to the court adjudicating the first-filed case. *Id. See also Smith*, 129 F.3d at 361. Thus, a court in which a duplicative suit is filed has the discretion to stay, transfer or dismiss the suit before it. *Smith*, 129 F.3d at 361; *Alltrade, Inc. v. Uniweld Products, Inc.,* 946 F.2d 622, 623 (9th Cir. 1991) ( stating "[t]he well established 'first-to-file rule'" allows a district court to transfer, stay or dismiss and action.) *See also Save Power Ltd. v. Syntek Finance Corp.,* 121 F.3d 947, 950-51 (5th Cir. 1997); *Platronics, Inc. v. Clarity, LLC*, 2002 WL 32059746, at *2 (E.D. Tenn. July 17, 2002). A duplicative suit is one in which the issues "have such an identity that a determination in one action leaves little or nothing to be determined in the other." *Id.* However, "the parties and issues need not be precisely identical." *Thomas & Betts Corp. v. Hayes*, 222 F. Supp. 2d 994, 996 (W.D. Tenn. 2002); *Plating Resources, Inc. v. UTI Corp.*, 47 F. Supp. 2d 899, 903 (N.D. Ohio 1999). Indeed, "the critical inquiry is whether the parties and issues substantially overlap." *Fuller v. Abercromie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 688 (E.D. Tenn. 2005) (citing *Save Power Ltd.,* 121 F.3d at 950-51; *TPM Holdings, Inc. v. Intra-Gold Indus., Inc.,* 91 F.3d 1, 4 (1st Cir. 1996); *Thomas & Betts Corp.*, 222 F. Supp. 2d at 996)). *See also Nakash v. Marciano,* 882 F.2d 1411, 1416 (9th Cir. 1989); *Gould*, 990 F. Supp. 1354 (M.D. Ala. 1998). Thus, "[i]n determining whether actions are duplicative and the first-to-file rule applies, courts consider three factors: (1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake." *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 688 (E.D. Tenn. 2005).

uniform result." *Platronics, Inc. v. Clarity, LLC*, No. 1:02-CV-126, 2002 WL 32059746, at *2 (E.D. Tenn. Jul. 17, 2002).

When two actions substantially overlap, the usual practice is for the federal district court presiding over the later-filed action to defer to the court adjudicating the first-filed case. *Id. See also Smith*, 129 F.3d at 361. Thus, a court in which a duplicative suit is filed has the discretion to stay, transfer or dismiss the suit before it. *Smith*, 129 F.3d at 361; *Alltrade, Inc. v. Uniweld Products, Inc.,* 946 F.2d 622, 623 (9th Cir. 1991) ( stating "[t]he well established 'first-to-file rule'" allows a district court to transfer, stay or dismiss and action.) *See also Save Power Ltd. v. Syntek Finance Corp.,* 121 F.3d 947, 950-51 (5th Cir. 1997); *Platronics, Inc. v. Clarity, LLC*, 2002 WL 32059746, at *2 (E.D. Tenn. July 17, 2002). A duplicative suit is one in which the issues "have such an identity that a determination in one action leaves little or nothing to be determined in the other." *Id.* However, "the parties and issues need not be precisely identical." *Thomas & Betts Corp. v. Hayes*, 222 F. Supp. 2d 994, 996 (W.D. Tenn. 2002); *Plating Resources, Inc. v. UTI Corp.*, 47 F. Supp. 2d 899, 903 (N.D. Ohio 1999). Indeed, "the critical inquiry is whether the parties and issues substantially overlap." *Fuller v. Abercromie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 688 (E.D. Tenn. 2005) (citing *Save Power Ltd.,* 121 F.3d at 950-51; *TPM Holdings, Inc. v. Intra-Gold Indus., Inc.,* 91 F.3d 1, 4 (1st Cir. 1996); *Thomas & Betts Corp.*, 222 F. Supp. 2d at 996)). *See also Nakash v. Marciano,* 882 F.2d 1411, 1416 (9th Cir. 1989); *Gould*, 990 F. Supp. 1354 (M.D. Ala. 1998). Thus, "[i]n determining whether actions are duplicative and the first-to-file rule applies, courts consider three factors: (1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake." *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 688 (E.D. Tenn. 2005).

*See also Ward v. Follett*, 158 F.R.D. 645, 48 (9th Cir. 1994); *Plating Resources, Inc.*, 47 F. Supp. 2d at 903-04 (N.D. Ohio 1999).

In the instant action, the first factor to consider – the chronology of the actions – clearly indicates that the first-to-file rule should be applied in the instant case.  The *Maurer* Complaint was filed nine months prior to the filing of Plaintiff's McPherson's Complaint.  *See* Seiling Aff., ¶ 2.

Similarly, the second factor – the similarity of the parties – also indicates that the first-to-file rule should be applied. SDP is undoubtedly the only named defendant in both actions.  Moreover, the named plaintiffs, McPherson and Maurer, although different individuals, assert virtually identical claims.  Both alleged that in 2004, SDP, obtained their consumer credit report without disclosure, consent or authorization.  *See* Cmpt., ¶ 15, and Exh. A to Seiling Aff., ¶ 18.  Both also allege SDP used information gained by the unauthorized use of each plaintiff's consumer credit report to target that plaintiff for solicitation via sweepstakes offer.  *See* Cmpt., ¶ 15 and Exh. A to Seiling Aff., ¶ 20.  McPherson and Maurer also both assert that SDP failed to make certain disclosures required by FCRA and state laws when contacting each plaintiff.  *See* Cmpt., ¶ 15 and Exh. A to Seiling Aff., ¶ 20.  In sum, both plaintiffs assert that SDP's behavior constitutes an unlawful scheme to obtain information in violation of FCRA and other state laws in order to solicit customers for its magazine subscription program.

Additionally, the two proposed classes that each plaintiff seeks to represent are effectively identical as well.  Both Plaintiff Maurer and Plaintiff McPherson seek to represent a proposed class of all individuals in the United States for whom information from consumer reports was obtained by SDP in connection with a direct mail sweepstakes solicitation, allegedly unlawfully and without the authorization of or notification to that individual.  The only

distinction in the two classes as defined in the respective Complaints is that Maurer seeks to limit his proposed class to those individuals "for whom information from consumer reports was disclosed by a Credit Reporting Agency to [SDP] . . . between September 2002 and the present." Exh. A to Seiling Aff., ¶ 21. This distinction, however, does not affect the application of the first-to-file rule in the instant case. The actions need not be identical to be duplicative; "they need only substantially overlap." *Fuller,* 370 F. Supp. 2d at 689. *See also Save Power Limited,* 121 F. 3d at 951 ("Complete identity of parties is not required for dismissal or transfer of a case filed subsequent to a substantially related action.") Moreover, the Maurer Complaint merely spells out what the McPherson Complaint does not – that claims asserted by those whose consumer credit reports were disclosed prior to September 2002 are likely to be time barred at this late date. The fact that the same individuals could receive two notices should both proposed classes be certified clearly establishes that the parties are duplicative. Accordingly, the second factor indicates the first-to-file rule should be applied in the instant action.

The third factor likewise indicates that the first-to-file rule should be applied in the instant case because the issues and claims in the two actions substantially overlap. Both actions are driven by the same basic claims: SDP used information gained by the unauthorized use of each plaintiff's consumer credit report to target that plaintiff for solicitation via a sweepstakes offer and that SDP's behavior constitutes an unlawful scheme to obtain information in violation of FCRA. Moreover, both actions seek the same relief–compensatory damages, punitive damages, declaratory and injunctive relief and attorneys' fees and expenses of litigation. *See* Cmpt., PRAYER FOR RELIEF and Exh. A. to Seiling Aff., PRAYER FOR RELIEF. The fact that McPherson and Maurer each raise state law claims in their respective actions "does not undermine the appropriateness of applying the first-to-file rule." *Fuller*, 370 F. Supp. 2d at 690.

As the *Fuller* court stated, "the issues in the two actions need not be identical; they need only substantially overlap." *Id.* *See also Landis v. North American Co.*, 299 S. Ct. 163, 166 (1936) (stating that "we find ourselves unable to assent to the suggestion that before proceedings in one suit may be stayed to abide the proceedings in another, the parties to the two causes must be shown to be the same and the issues identical."); *Thomas & Betts Corp.*, 222 F. Supp. 2d at 996; *Plating Resources, Inc.*, 47 F. Supp. 2d at 903; *Walker v. Progressive Casualty Insur. Co.*, No. C03-656R, 2003 WL 21056704, at *3 (W.D. Wash. May 2003) ("[S]light differences in the claims asserted do not prevent application of the rule where the underlying complained-of conduct is almost identical.") Each plaintiff's assertion of the same operative facts to allege virtually identical FCRA claims establishes the first-to-file rule should be applied in this case.

All three factors discussed above show that the instant action is duplicative of the *Maurer* action and, pursuant to the first-to-file rule, should be stayed, transferred or dismissed. Clearly, "permitting both actions to proceed to judgments risks the possibility of inconsistent results." *Fuller*, 370 F.Supp.2d at 690. Indeed, the application of the first-to-file rule in this instance will serve one of the main purposes of the rule – to avoid inconsistent or piecemeal resolution of legal issues that call for a uniform result. This purpose is extremely important here, where both plaintiffs assert claims on behalf of themselves and other similarly situated individuals located nationwide and support those claims with allegations of purportedly uniform misconduct on the part of SDP.

Plaintiff McPherson would not be prejudiced by a stay of his action, nor is there any realistic concern that such a stay would be indefinite. The *Maurer* action is quite advanced and supports staying of the instant action. SDP answered Maurer's Complaint on October 29, 2004. *See* Seiling Aff., ¶ 3. The parties to the *Maurer* action exchanged initial disclosures and filed a

Report of Rule 26(f) Planning Meeting with the Court in that action on or about December 28, 2004. *Id.* at ¶ 4. The parties have conducted extensive paper discovery. *Id.* at ¶ 7. Moreover, the deposition of a 30(b)(6) witness testifying on behalf of SDP was held on July 12, 2005, in Los Angeles, California, and additional depositions of both Rule 30(b)(6) witnesses and individual witnesses have been scheduled for the week of August 22, 2005, in Tampa, Florida. *Id.* Currently, the discovery deadline in the case is set for October 28, 2005, and trial is set for December 12, 2005. *See* Exhs. B and C to Seiling Aff. The resolution of the advanced *Maurer* action may significantly narrow, if not completely resolve, the issues in the instant case.

Accordingly, the interest of federal comity and judicial economy, and the interest of the parties in trying this case most expeditiously and inexpensively, weigh in favor of staying Plaintiff McPherson's action. In the alternative, this Court should transfer this action to the United States District Court for the Northern District of California, Oakland Division, or dismiss it in its entirety. This Court and the parties need not waste time and resources resolving issues that are duplicative of those in the first-filed *Maurer* case.

**IV.    CONCLUSION**

For the reasons stated above, Special Data Processing Corporation d/b/a National Magazine Exchange respectfully requests this Court stay this action until the resolution of *Jeremy Maurer, on behalf of himself and all others similarly situated v. Special Data Processing Corp. d/b/a National Magazine Exchange*, Case No. 04-CV-04093-MJJ (N.D. Cal.). In the alternative, this Court should transfer this action to the United States District Court for the Northern District of California, Oakland Division, or dismiss it in its entirety.

/s/ Larry B. Childs


/s/ April S. Rogers
Attorneys for the Defendant,
Special Data Processing Corporation
d/b/a National Magazine Exchange

OF COUNSEL:
Walston, Wells, Anderson & Birchall, LLP
1819 5th Avenue North, Suite 1100
Birmingham, Alabama 35203
Telephone: (205) 244-5200
Telecopier: (205) 244-5400


**CERTIFICATE OF SERVICE**

I hereby certify and on August 4, 2005, I electronically filed the foregoing Memorandum in Support Motion to Stay, Transfer or Dismiss with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following:

R. Brent Irby, Esq.
McCallum, Hoaglund, Cook & Irby, L.L.P.
2062 Columbiana Road
Vestavia Hills, AL  35216


/s/ Larry B. Childs
OF COUNSEL