## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| MICHAEL McPHERSON, on behalf of himself and on behalf of a class of Persons similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case Number:  2:05CV635-B |
| SPECIAL DATA PROCESSING CORPORATION d/b/a NATIONAL MAGAZINE EXCHANGE | ) ) ) ) | |
| Defendant. | ) ) | |

### <u>AFFIDAVIT OF BRAD W. SEILING</u>

STATE OF CALIFORNIA          )

LOS ANGELES COUNTY          )

     Brad W. Seiling, being first duly cautioned and sworn, hereby deposes and states as follows:

     1.     My name is Brad W. Seiling.  I am a partner in the law firm of Manatt, Phelps & Phillips.  I am licensed to practice law in the State of California, and I am admitted to practice in all of the federal district courts of California.  I am counsel for Special Data Processing Corp. d/b/a National Magazine Exchange in the matter of *Jeremy Maurer, on behalf of himself and all others similarly situated v. Special Data Processing Corp. d/b/a National Magazine Exchange,* currently pending in the United States District Court, Northern District of California, Oakland Division, Case No.:  04-CV-04093-MJJ.  I am over the age of nineteen years and of sound mind and body.  This affidavit is given on the basis of my personal knowledge as counsel for Special Data Processing Corp. in the *Maurer* case.

2.      The Complaint in the *Maurer* case was filed on September 28, 2004.  Attached hereto as Exhibit A is a true and correct copy of the Complaint in *Maurer*.

3.      Special Data Processing Corp. d/b/a National Magazine Exchange answered the Complaint on October 29, 2004.

4.      The parties exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(f) and filed a Report of Rule 26(f) Planning Meeting with the Court on or about December 28, 2004.

5.      Attached hereto as Exhibit B is a true and correct copy of the Pretrial Order entered by United States District Judge Martin J. Jenkins on January 4, 2005, and a true and correct copy of the Civil Minutes of the case management conference held on the same date.

6.      The parties have been ordered to complete Alternative Dispute Resolution by the end of September 2005.

7.      The parties have conducted extensive paper discovery.  The deposition of a 30(b)(6) witness testifying on behalf of Special Data Processing Corp. was held on July 12, 2005, in Los Angeles, California.  Additional depositions of both Rule 30(b)(6) witnesses and individual witnesses have been scheduled for the week of August 22, 2005, in Tampa, Florida.

8.    Attached hereto as Exhibit C is a true and correct copy of the Civil Minutes from the telephonic status conference held on July 12, 2005, in which the Court extended the non-expert discovery cut-off to October 28, 2005, and scheduled a further telephonic status conference matter for November 1, 2005.

Further affiant saith not.

Brad W. Seiling

Sworn to and subscribed
before me, this _3rd_ day of August, 2005

Notary Public
My commission expires: _February 28, 2008._

LORI R J MCCOY
Commission # 1470684
Notary Public - California
Los Angeles County
My Comm. Expires Feb 28, 2008

40907995.1

E-filing

ORIGINAL
F I L E D
SEP 2 8 2004
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

1  Michael L. Kirby (50895)
   Jonathan A. Boynton (174910)
2  Sarah Brite Evans (210980)
   **POST KIRBY NOONAN & SWEAT LLP**
3  One America Plaza
   600 West Broadway, Suite 1100
4  San Diego, California  92101-3387
   Telephone (619) 231-8666
5  Facsimile (619) 231-9593

6  John A. Yanchunis, Esq.
   Jill H. Bowman, Esq.
7  **JAMES, HOYER, NEWCOMER & SMILJANICH, P.A.**
   4830 W. Kennedy Blvd.
8  Urban Center One, Ste. 550
   Tampa, FL 33609
9  Telephone (813) 286-4100
   Facsimile (813) 286-4174

SPECIAL DATA/Maurer
#26081-061
Ct Clrk

10

11  Attorneys for Plaintiffs

12              **UNITED STATES DISTRICT COURT**

13           **NORTHERN DISTRICT OF CALIFORNIA**

14                   **OAKLAND DIVISION**

ADR   MJJ

15

16  JEREMY MAURER, on behalf of          CASE NO. **C 04 4093**
    Himself and all others similarly
17  situated,                            **CLASS ACTION**

18              Plaintiffs,              **COMPLAINT FOR VIOLATION OF
        vs.                              THE FAIR CREDIT REPORTING ACT
19                                       AND CALIFORNIA BUSINESS AND
    SPECIAL DATA PROCESSING              PROFESSIONS CODE § 17200, ET
20  CORP. d/b/a National Magazine        SEQ.**
    Exchange,
21                                       ~~DEMAND FOR JURY TRIAL~~

22              Defendant,

23                                                          **FILE BY FAX**

24      Plaintiff, Jeremy Maurer, on behalf of himself and all persons similarly

25  situated,  by his attorneys makes the following allegations against, Special Data

26  Processing Corp., d/b/a National Magazine Exchange ("NME").  Plaintiff makes

27  these allegations with knowledge as to his own acts, and upon information and

28  belief and investigation of counsel as to the acts of others, and states as follows:

# EXHIBIT A

1

**INTRODUCTION**

2       1.    This lawsuit involves the willful, knowing, or negligent violation of the
3  Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., ("FCRA") which relates to the
4  acquisition and dissemination of consumer credit and other financial information,
5  and in violation of the California Business and Professions Code section17200 et.
6  seq., and other laws.

7       2.    Defendant, NME, has been engaged in an unlawful scheme of
8  obtaining information about consumers from Credit Reporting Agencies who meet
9  certain targeted financial criteria, and in so doing, have violated the federal and
10  state rights of these consumers.  Plaintiff and the Plaintiff classes defined herein
11  seek, inter alia, to enjoin the Defendant's unlawful conduct, and to recover actual,
12  statutory, punitive, and all other damages provided for by law, along with their
13  attorney's fees and costs.

14

**PARTIES**

15       3.    At all times material hereto, Plaintiff, Jeremy Maurer, was and
16  remains an individual domiciled in Alameda County, California and in this District.

17       4.    At all times pertinent hereto, Defendant NME was and remains a
18  corporation organized under the laws of the state of Florida, with its principal place
19  of business at 16120 US 19 N., Clearwater, Florida 34624.  Defendant is doing
20  business in this District.

21       ~~5.~~    ~~On information and belief, Defendant is both a "person" and a "user"~~
22  of consumer reports as said terms are defined and contemplated respectively,
23  under the FCRA.

24

**JURISDICTION AND VENUE**

25       6.    The claims asserted herein arise under and pursuant to 15 U.S.C. §
26  1681 et. seq. and this Court's pendant state law claim jurisdiction.

27       7.    The Court has jurisdiction over this litigation pursuant to 15 U.S.C.
28  §1681p and 28 U.S.C. § 1331.

1    8.    Venue is properly laid in this district pursuant to 15 U.S.C. § 1681p

2   and 28 U.S.C. § 1391(b) and (c) because a substantial portion of the wrongdoing

3   occurred in this district, the Defendant is engaged in the operation of its business

4   in California and is intentionally availing itself of the California market in this

5   District, having sufficient minimum contacts with California to render the exercise

6   of jurisdiction by California courts permissible under traditional notions of fair play

7   and substantial justice.

8                     **INTRADISTRICT ASSIGNMENT**

9    9.    Venue is properly laid in the Oakland Division pursuant to Local Rule

10  3-2(c) as Plaintiff resides in Alameda County, Defendant does business in

11  Alameda County and a substantial portion of the wrongdoing occurred in Alameda

12  County.

13           **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

14    10.    NME is a telemarketing company engaged in the marketing and sale

15  of various products and services, including magazines subscriptions. NME

16  markets and sells magazine subscriptions through the use of the U.S. Mail Service

17  and interstate telecommunications system.

18    11.    Based on information and belief, for an unknown period of time, NME

19  through agreements with various "Consumer Reporting Agenc(ies)" (as that term

20  is defined in FCRA) has obtained "consumer reports" with no permissible purpose

21  as described in the FCRA.

22    12.    The consumer reports obtained and used by NME communicate

23  information bearing on a consumer's creditworthiness, credit standing, credit

24  capacity, character, general reputation, personal characteristics or mode of living

25  and, used or expected to be used for the purpose of serving as a factor in

26  establishing the consumer's eligibility for personal, family or household credit or

27  insurance. This credit information and the consumer reports furnished to NME

28  constitute "consumer reports" within the meaning of FCRA.

13.    Pursuant to FCRA a consumer report may only be furnished or obtained for a "permissible purpose" which expressly limited purposes are specifically defined in FCRA.

14.    Based on information and belief, NME did not and does not have a lawful purpose for requesting, obtaining, and using Plaintiff's consumer report or the consumer reports of Class Members from the Consumer Reporting Agencies, and therefore NME's request, acquisition, and use of Plaintiff's and Class Member's consumer reports was in violation of the FCRA.

15.    Further, on information and belief NME fails to notify customers of their right to be excluded from lists obtained by NME from Consumer Reporting Agencies in accord with it obligations under FCRA.

## INDIVIDUAL FACTUAL ALLEGATIONS

16.    Plaintiff, Jeremy Maurer, is a resident of Alameda County, California, which is in this District.

17.    On or about August 14, 2004, NME obtained and used Plaintiff's information from a consumer report obtained from a Credit Reporting Agency without his consent.

18.    On information and belief, NME did not and does not have a lawful purpose for requesting, obtaining, and using Plaintiff's consumer report information.

19.    As a result, Plaintiff has been damaged and suffered losses, including the value of his private information, which value was determined at a minimum by its sale value to NME, and has incurred damages in the form of impact to his credit report, lost time, postage, copying costs, and other incidental expenses incurred in an effort to pursue his legal rights.  All prior offers of settlement or compromise or demands are hereby withdrawn.

20.    On information and belief, Plaintiff has received materials from NME indicating his qualification for entry in a sweepstakes by calling a toll-free number.

PKNS\366778.1

-4-

1  Such materials did not contain any disclosures concerning how NME had obtained

2  Plaintiff's personal information nor did it advise him of his right to exclude himself

3  from lists obtained by NME, whether or not for a lawful purpose as required by

4  FCRA.

5  **CLASS ALLEGATIONS**

6      21.    This action is brought and may properly be maintained as a class

7  action pursuant to the provisions of Federal Rule of Civil Procedure 23(a), (b)(1)

8  and (2), and (c).  Plaintiff seeks certification of the following class and subclass:

9  **The FCRA Class**

10         (a)    All persons in the United States for whom information from

11  consumer reports was disclosed by a Credit Reporting Agency to NME, without

12  authorization by the consumer, between September 2002 and the present.

13  **The California Unfair Competition Law Subclass**

14         (b)    All persons in California who have had their private financial,

15  credit or other confidential information disclosed to NME, without their

16  authorization.

17      22.    Excluded from the above class and subclass are defendants, its

18  parent, affiliates, directors, officers, agents, employees, or members of their

19  immediate families.

20      23.    The above defined classes meet all the requirements for certification.

21      24.    Defendant has acted on grounds generally applicable to the Classes

22  through its uniform, unlawful and unfair business practice of obtaining and using

23  information from consumer reports from Consumer Reporting Agenices without a

24  permissible purpose.

25      25.    The Classes are composed of thousands of persons geographically

26  dispersed throughout California and the nation, the individual joinder of whom in

27  one action is impractical.

28  / / /

PKNS\386778.1

-5-

1      26.    Common questions of law and fact arise from Defendant's uniform

2 unlawful conduct and exist as to the described Class and Subclass, which include

3 but are not limited to the following:

4      a.    Whether Defendant's conduct in obtaining Plaintiff's and Class

5 Members' consumer reports from a Consumer Reporting Agency constitutes non-

6 compliance or violates FCRA;

7      b.    Whether Defendant's acts of non-compliance or violations of

8 FCRA were willful;

9      c.    Whether Defendant's acts of non-compliance or violations of

10 FCRA were knowing, intentional, or reckless and undertaken in disregard of

11 Plaintiff's and Class Members' rights;

12      d.    Whether Defendant's acts of non-compliance or violations of

13 FCRA were negligent;

14      e.    The nature and extent of declaratory and injunctive relief to

15 which Plaintiff and Class Members are entitled;

16      f.    Whether, as a result of Defendant's acts of non-compliance or

17 violations of FCRA, Plaintiff and Class Members are entitled to any damages,

18 including actual damages, statutory damages, nominal damages, and/or punitive

19 damages;

20      g.    Whether Defendant's conduct violated California's Business

21 and Professions Code section 17200 et seq.

22      27.    Plaintiff's claims are typical of members of each of the Classes as

23 Plaintiff and Class Members have been similarly affected by Defendant's conduct

24 and members of the Plaintiff Classes have the same claims against the

25 Defendant, respectively.  Plaintiff's and Class Members' claims depend on a

26 showing of the unlawful nature of Defendant's conduct as described herein.

27      28.    Plaintiff will fairly and adequately represent the interests of the

28 Classes in that he has no interests antagonistic to or which irreconcilably conflict

1  with those of other Class Members since the goal of each is to establish the

2  Defendant's liability to all of the Plaintiff Classes.

3      29.    Plaintiff has retained counsel competent and experienced in the

4  prosecution of class actions, including complex consumer class actions.

5      30.    A class action is superior to other available methods for the fair and

6  efficient group-wide adjudication of this controversy, since individual joinder of all

7  Class Members is impracticable.  Further, prosecution of separate actions by

8  individual class members may create the risk of inconsistent and varying

9  adjudications and may establish incompatible standards of conduct for Defendant

10 in that different courts may order different equitable or other relief or take other

11 inconsistent actions.

12      31.    Prosecution of separate actions by individual Plaintiffs will, as a

13 practical matter, be dispositive of the interests of other proposed class members

14 not party to the adjudication or will substantially impair or impede such person's

15 ability to protect their interests.

16      32.    Absent a class action, Class Members will be unable to effectively

17 litigate their claims and Defendant's violations of the law will persist.

18      33.    Even if individual members of the class had the resources to pursue

19 individual litigation, it would be unduly burdensome to the courts, whereas a class

20 action provides the benefits of unitary adjudication and judicial economy.  Because

21 the damages suffered by each individual Class Member may be relatively small

22 and the relief sought is discrete, a class action presents fewer management

23 difficulties and achieves substantial benefits for the Classes and the court system.

## FIRST CAUSE OF ACTION

### (Violation Of FCRA)

26      34.    Plaintiff, on behalf of himself and those similarly situated, hereby

27 realleges and incorporates herein by reference the allegations contained in

28 paragraphs 1 through 32 as though fully set forth herein.

1    35.    NME's failure to comply with the FCRA when it requested, obtained,

2  and used information from the Plaintiff's and Class Members' consumer reports

3  was negligent, and Plaintiff and Class Members have been damaged by the

4  alleged conduct.

5    36.    Alternatively, NME's failure to comply with the FCRA when it

6  requested, obtained, and used information from the Plaintiff's and Class Members'

7  consumer reports was willful, as contemplated under 15 U.S.C. § 1681n of the

8  FCRA. As a result of said conduct by NME, Plaintiff and Class Members have

9  been damaged and are entitled to statutory and punitive damages.

10    37.    Alternatively, NME's failure to comply with the FCRA when it

11  requested, obtained, and used information from the Plaintiff's and Class Members'

12  consumer reports constituted the knowing and willful receipt of information on a

13  "consumer" (as said term is defined under the FCRA) from a Consumer Reporting

14  Agency under false pretenses , as contemplated under 15 U.S.C. §1681n and

15  §1681q of the FCRA.  As a result of said conduct by NME, Plaintiff and Class

16  Members have been damaged and are entitled to statutory and other damages.

17            **SECOND CAUSE OF ACTION**

18        **(Violation of California Business**
        **& Professions Code § 17200, et seq.)**
19

20    38.    Plaintiff, on behalf of himself and all similarly situated California

21  residents, hereby realleges and incorporates herein by reference the allegations

22  contained in paragraphs 1 through 32 as though fully set forth herein.

23    39.    By virtue of Defendant's negligent and willful violations of FCRA and

24  the other unlawful conduct alleged herein, Defendant has engaged in unfair

25  competition through the course of unlawful business acts and practices all in

26  violation of California Business & Professions Code section 17200 et seq.

27  ///

28  ///

1    40.    Plaintiff and Class Members who are California residents are entitled

2  to an order enjoining Defendant from further violations of section 17200, pursuant

3  to sections 17203 and 17204.

4    41.    Plaintiff and Class Members are also entitled to all other relief

5  permissible under these sections.

6                              **PRAYER FOR RELIEF**

7    WHEREFORE, Plaintiff, Jeremy Maurer, prays on behalf of himself and the

8  Plaintiff Classes as applicable, for all the relief to which they are entitled under

9  FCRA and applicable California state laws as alleged herein, and equitable relief,

10  including but not limited to the following:

11    A.    Ordering certification of the FCRA class and California Unfair

12  Competition Law Subclass as alleged herein.

13    B.    Ordering to the extent permitted by state law or through the Court's

14  own equitable powers, an order enjoining NME from obtaining or using consumer

15  reports without a permissible purpose as required by law;

16    C.    Order requiring NME to notify all members of the appropriate Plaintiff

17  Classes of their right to be excluded from Credit Reporting Agencies' lists and the

18  manner in which such exclusion may be sought.

19    D.    Declaring that the acts and conduct of NME, as outlined above,

20  violated the FCRA.

21    E.    Declaring that the acts and conduct of NME, as outlined above,

22  violated California Business and Professions Code sections 17200, 17203 and

23  17204.

24    F.    Awarding Plaintiff and Class Members statutory and punitive

25  damages for each instance of Defendant's willful failure to comply or violation of

26  FCRA in an amount to be proven at trial.

27  / / /

28  / / /

1      G.    Awarding Plaintiff and Class Members damages, including but not

2   limited to nominal damages,  under FCRA or as otherwise permitted under state

3   law claims.

4      H.    Awarding Plaintiff's attorney's fees and expenses of litigation; and

5      I.    Providing such other relief as the Court deems just and equitable.

6   **JURY DEMAND**

7     Plaintiff demands a trial by jury on all issues so triable.

8   DATED: September 27, 2004     **POST KIRBY NOONAN & SWEAT LLP**

9

10         By: _____

11             Michael L. Kirby

12             Jonathan A. Boynton
              Sarah Brite Evans

13

14             **JAMES, HOYER, NEWCOMER**
             **& SMILJANICH, P.A.**

15             John A. Yanchunis
             Jill H. Bowman

16             **Attorneys for Plaintiffs**

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEREMY MAURER,

        Plaintiff,

    v.

SPECIAL DATA PROCESSING,
        Defendant.
_____/

No. C- 04-4093 MJJ

**PRETRIAL ORDER**

It is hereby **ORDERED** pursuant to F.R.C.P. and the Local Rules of this Court:

**TRIAL DATE**: Monday, <u>December 12, 2005</u> at 8:30 a.m., Courtroom 11, 19th floor.
TRIAL LENGTH is estimated to be  3-4 days.  (**X**) jury    () court

**PRETRIAL CONFERENCE DATE**: Tuesday, <u>December 6, 2005</u>  at 3:30 p.m.
(Counsel who intend to try the case must attend the pretrial conference.  Counsel shall be prepared to
discuss all aspects of the case, including settlement.  Pretrial to conform to the attached instructions.)

DISCOVERY LIMITS:

| | | Pltf. | | Def. | |
|---|---|---|---|---|---|
| Depositions: | | **10** | | **10** | |
| Interrogs: | | **40** | | **40** | |
| Doc. Req.: | | **40** | | **40** | |
| Req. Adm.: | | - | | - | |

(Per Federal Rules of Civil Procedure and Local Rules, subject to any  provisions below)

NON-EXPERT DISCOVERY CUTOFF is:  **8/26/2005**

DESIGNATION OF EXPERTS:          Pltf.   Def.
    EXPERT REPORTS:
    DESIGNATION OF SUPPLEMENTAL/REBUTTAL EXPERTS:
    SUPPLEMENTAL/REBUTTAL REPORTS:
    Parties shall conform to Federal Rule of Civil Procedure 26(a)(2).

EXPERT DISCOVERY CUTOFF is: .

DISPOSITIVE MOTIONS SHALL be **heard** by: **10/25/2005**

SETTLEMENT CONFERENCE shall be held before Magistrate Judge  and scheduled to take place

TELEPHONE STATUS CONFERENCE: July 12, 2004 at **1:45 p.m.** [Plaintiff shall initiate call]

**ADDITIONAL ORDERS:**
<u>**\*Rule 56 & 23 Certification motions, discovery completion and experts to be discussed at next**</u>
<u>**status conference**</u>

**PLAINTIFF IS ORDERED TO SERVE A COPY OF THIS ORDER ON ANY PARTY
SUBSEQUENTLY JOINED IN THIS ACTION.**

Dated:     1/4/2005               _____/s/_____
                                    MARTIN J. JENKINS
                                    United States District Judge

United States District Court

For the Northern District of California

# EXHIBIT B

## PRETRIAL INSTRUCTIONS

Counsel SHALL meet and confer in good faith in advance of complying with the following pretrial requirements for the purpose of preparing for the Pretrial Conference and to discuss settlement.

**A.    20 CALENDAR DAYS PRIOR TO PRETRIAL CONFERENCE**

The following shall be accomplished not later than **20 calendar days** prior to the scheduled Pretrial Conference:

1.    **PRETRIAL STATEMENT**: The parties shall comply in all respects with FRCivP 16(c)(1)(2)(3)(4)(7)(13)(14)(15)(16)

2.    **JURY INSTRUCTIONS**:

a.    Joint Set of Agreed Upon Instructions: The parties shall jointly prepare a set of agreed upon jury instructions, and shall file an original and two copies of same **20 calendar days** prior to the Pretrial Conference.

b.    Separate Instructions: Separate instructions may be submitted only as to those instructions upon which the parties cannot agree. Each separate instruction shall note on its face the identity of the party submitting such instruction.

No later than **10 calendar days** prior to the Pretrial Conference, the party or parties objecting to an instruction shall file a written objection to such instruction. The form of the objection shall be as follows:

(1) Set forth in full the instruction to which the objection is made;

(2) Provide concise argument and citations to authority explaining why the opposing party's instruction is improper; and

(3) Set forth in full an alternative instruction, if any.

An original and two copies of the separate instructions with objections shall be filed **10 calendar days** prior to the Pretrial Conference.

c.    Substance and Format of Instructions: The instructions shall cover all substantive issues. Proposed instructions shall be consecutively numbered. Each proposed instruction shall be typed in full on a separate page and cover only one subject, to be indicated in the title. Citations to the authorities upon which the instruction is based shall be included. Instructions shall be brief, clear, written in plain English and free of argument. Pattern or form instructions shall be revised to address the particular facts and issues of this case.

d.    Preliminary Statement and Instructions: If the parties wish to have a preliminary statement read to the jury, and/or preliminary instructions given to the jury, they shall jointly prepare and submit to the Court, **one week** prior to trial, the text of the statement and instructions, clearly marked.

e.    Clean Copies: The parties shall be prepared to submit two clean copies of instructions without citations, titles or attribution on or before the date trial commences.

3.    **FINDINGS OF FACT and CONCLUSIONS OF LAW**: In non-jury cases, each party shall serve and lodge with the Court proposed findings of fact and conclusions of law on all material issues. Proposed findings shall be brief, written in plain English and free of pejorative language and argument.

4.    **EXHIBITS**:

2

    a.     Provide Copies of Exhibits to Other Parties: Each party shall provide every other party with one set of all proposed exhibits, charts, schedules, summaries, diagrams and other similar documentary materials to be used in its case in chief at trial, together with a complete list (**see attached**) of all such proposed exhibits. Voluminous exhibits shall be reduced by elimination of irrelevant portions or through the use of summaries. Each item shall be pre-marked with an exhibit sticker (**see attached**), plaintiff's exhibits with numbers, defendant's exhibits with letters. If there are numerous exhibits, they should be provided in three-ring binders with marked tab separators. All exhibits which have not been provided as required are subject to exclusion.

    b.     Stipulations re Admissibility: Prior to the Pretrial Conference, the parties shall make a good faith effort to stipulate exhibits into evidence and be prepared to place their admission on the record at the Pretrial Conference. If stipulation to admission in evidence is not possible, the parties shall make every effort to stipulate to authenticity and foundation absent a legitimate (not tactical) objection.

    c.     Provide Copies of Exhibits to Court: One set of exhibits shall be provided to the Court on the **one week prior to trial.**. Each set shall be in binders, tabbed and indexed.

    d.     Disposition of Exhibits After Trial: Upon the conclusion of the trial, each party shall retain its exhibits through the appellate process. It is each party's responsibility to make arrangements with the Clerk of the Court to file the record on appeal.

    5.    **WITNESSES**:

    a.     Jury Trials: The Pretrial Conference Statement shall include a witness list required by FRCivP 16(c)(7). Expert witnesses shall be listed separately. In addition, in the case of expert witnesses, the summary shall **clearly state the expert's theories and conclusions and the bases therefor and SHALL be accompanied by a curriculum vitae**; if the expert has prepared a report in preparation for the testimony, a copy thereof shall be furnished to opposing counsel. Witnesses not included on the list may be excluded from testifying.

    b.     Non-Jury Trials: In non-jury cases, each party shall serve and lodge with the Court a written narrative statement of the proposed direct testimony of each witness under that party's control in lieu of a summary. Each statement shall be marked as an exhibit and shall be in a form suitable to be received into evidence.

    6.    **MOTIONS IN LIMINE**: Motions in limine are limited to motions to exclude specific items of evidence (i.e. specific testimony or exhibits) on a ground and upon such authority as would be sufficient to sustain an objection to such evidence at trial. Motions in limine shall be filed and served no later than **ten Court days** prior to the date set for the pretrial conference. Any party opposing such a motion in limine shall file and serve its opposition papers no later than **five Court days** prior to the pretrial conference. No reply papers will be considered.

**B.    10 COURT DAYS PRIOR TO PRETRIAL CONFERENCE**

    The following shall be accomplished not later than **10 Court days** prior to the Pretrial Conference:

    1.    List of Exhibits With Stipulations and Objections - The parties shall file with the Court a list of all exhibits admitted by stipulation; and a list of all exhibits as to which objections have been made, with a brief notation indicating which party objects and for what reason.

    2.    Objections to Other Evidence - In addition to exhibit lists, counsel shall confer with respect to any other evidentiary objections in advance of the Pretrial Conference as required by Local Rule. Each party shall file and serve a statement briefly identifying each item objected to, the grounds for the objection and the position of the offering party as stated at the conference.

    3.    Voir Dire and Verdict Forms - Each party shall serve and file proposed questions for jury voir dire and a proposed form of verdict.

## C.    **OTHER PRETRIAL MATTERS**

1.    <u>Citations</u> - In all Pretrial Statements, memoranda of points and authorities and jury instructions, citations shall be as follows:  (1) all United States Supreme Court citations shall be to both the official reporter and to the <u>West Supreme Court Reporter</u>, (2) all citations to California state courts shall be to both the official reporter and to the <u>West California Reporter</u>, and (3) all citations to the courts of any other state shall be to both the official reporter of that state and to the <u>West Regional Reporter</u>.

2.    <u>Settlement Conferences</u> - Any party utilizing another form of Alternative Dispute Resolution who wishes to arrange a settlement conference before a judge or magistrate judge thereafter may do so by contacting the Courtroom Deputy.

3.    <u>Copies</u> - Unless otherwise indicated, each document filed or lodged with the Court must be accompanied by a copy for use in the Judge's chambers.  In addition, one copy of the witness and exhibit lists should be furnished to the court reporter.

4.    <u>Daily Transcripts</u> - If transcripts will be requested during or immediately after trial, arrangements must be made with the court reporter at least **one week** before trial commences.

Attachments

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CASE NO. C-                    MJJ                                    DATE:

_____ v. _____                    EXHIBIT LIST

( ) Plaintiff                                                    ( ) Defendant

| EXHIBIT NUMBER | MARKED | ADMITTED | SPONSORING WITNESS | DESCRIPTION |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

5

Case No. _____
**PLNTF** Exhibit No. _____
Date Entered _____
Signature _____

Case No. _____
**DEFT** Exhibit No. _____
Date Entered _____
Signature _____

Case No. _____
**PLNTF** Exhibit No. _____
Date Entered _____
Signature _____

Case No. _____
**DEFT** Exhibit No. _____
Date Entered _____
Signature _____

Case No. _____
**PLNTF** Exhibit No. _____
Date Entered _____
Signature _____

Case No. _____
**DEFT** Exhibit No. _____
Date Entered _____
Signature _____

Case No. _____
**PLNTF** Exhibit No. _____
Date Entered _____
Signature _____

Case No. _____
**DEFT** Exhibit No. _____
Date Entered _____
Signature _____

Case No. _____
**PLNTF** Exhibit No. _____
Date Entered _____
Signature _____

Case No. _____
**DEFT** Exhibit No. _____
Date Entered _____
Signature _____

Case No. _____
**PLNTF** Exhibit No. _____
Date Entered _____
Signature _____

Case No. _____
**DEFT** Exhibit No. _____
Date Entered _____
Signature _____

Case No. _____
**PLNTF** Exhibit No. _____
Date Entered _____
Signature _____

Case No. _____
**DEFT** Exhibit No. _____
Date Entered _____
Signature _____

## IN THE UNITED STATED DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### CIVIL MINUTES

**HONORABLE MARTIN J. JENKINS**                    Courtroom Clerk: **Monica Tutson**

DATE: **January 4, 2005**                          Court reporter: **Not reported**

Case Number:        **C04-4093MJJ**

Case Name:        **JEREMY MAURER**        v.        **SPECIAL DATA PROCESSING**

COUNSEL FOR PLAINTIFF(S):                    COUNSEL FOR DEFENDANT(S):
**Jonathan Boynton, Jill Bowman**            **Eugene Hahn for Brad Seiling**

PROCEEDINGS:                                    RULING:
1.
2.

() Status Conference        ()P/T Conference        (**X**)Case Management Conference

ORDERED AFTER HEARING:
**ADR- JAMS shall be completed by the end of September 2005.**

ORDER TO BE PREPARED BY:    Plntf () Deft () Court (**x**)

Referred to Magistrate Judge        For:

CASE CONTINUED TO: **July 12, 2005 @ 1:45 p.m.**  for        **Telephone Status Conference re: Rule 56 and 23 Certification, discovery completion and experts.**
[Plaintiff shall initiate call]

Discovery Cut-Off: **8/26/2005**        Expert Discovery Cut-Off:

Parties to Name Experts by:        Expert Reports to be Tendered by:

Designation of Supplemental/Rebuttal Experts:        Reports:

Dispositive Motion shall be heard by:  **10/25/2005**

Pre-Trial Conference Date :        **December 6, 2005** at 3:30 p.m.

Trial Date:        **December 12, 2005** at 8:30 a.m.   Set for **3-4** days
        Type of Trial: (**X**)Jury    ( )Court

Notes:

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

### JUDGE MARTIN J. JENKINS

### CIVIL MINUTES

**DATE**:  July 12, 2005                    **Courtroom Deputy**: Ken Wood

**CASE NO.**:  C 04-04093 MJJ               **Court Reporter**: Not Reported

**TITLE**:  JEREMY MAURER v. SPECIAL DATA PROCESSING

**Plaintiff Attorney**: Sarah Evans, Jill Bowman

**Defendant Attorney**: Brad Seiling

**PROCEEDINGS:**  (1:45 - 2:05)

   Telephonic Status Conference re experts, discovery completion, and certification.

**RESULTS:**

   Non-expert discovery deadline is extended to 10/28/05.

   Current dispositive motion hearing deadline is vacated, and a further telephonic
   scheduling conference is set for 11/1, plaintiff to initiate call with the Court.

**CASE CONTINUED TO**:  November 1, 2005 at 2:00 p.m. for Further Telephonic Status /
Scheduling Conference

**NOTES:** Future referral to ADR is possible; issues may be resolvable through sjm.

cc: MT

